## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| JOHN BROOKS and GREGORY SIMMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1334-JES-JEH |
| | ) | |
| CITY OF PEKIN, JOHN DOSSEY, | ) | |
| DONALD BAXTER, SARAH NEWCOMB, | ) | |
| and JENNIFER MELTON, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' MOTION TO COMPEL DISCOVERY
### PER LEAVE GRANTED DECEMBER 16, 2020

Plaintiffs, JOHN BROOKS ("Brooks") and GREGORY SIMMONS ("Simmons"), through their attorneys, JULIE L. GALASSI, AND HASSELBERG, ROCK, BELL & KUPPLER, LLP, and JAMES L. HAFELE OF KAVANAGH, SCULLY, SUDOW, WHITE & FREDERICK, state the following for their Motion to Compel Discovery, and in support thereof, state the following:

### Procedural History

On September 24, 2020, Plaintiffs filed a Motion for Hearing Concerning Discovery Dispute, Doc. 60, pursuant to Section VII of Judge Hawley's Standing Order in Civil Cases. On or about October 5, 2020, the Court held a status conference with the parties regarding said Motion and granted Defendants leave to file a Motion to Stay before deciding the Motion for Hearing Concerning Discovery Dispute. On October 19, 2020, Defendants filed their Motion to Stay Proceedings as to Plaintiff Gregory Simmons and Supporting Memorandum of Law. Doc. 63, to which a

response, reply, and sur-reply were subsequently filed. Docs. 64-70. On December 16, 2020, the Court entered its Order denying the Motion to Stay. Doc. 71. The last sentence of said Order said, "As the Court explained during the October 5, 2020 status conference, if disputes remain now that the Court has denied the Defendants' Motion to Stay, the Plaintiffs are given leave to file a motion to compel." *Id.*, p. 11. This Motion to Compel is filed pursuant to the leave granted in the Court's December 16, 2020, Order, as the disputes explained below still remain, despite conference by the parties pursuant to FRCP 37.

**Certification with FRCP 37**

In accordance with FRCP 37, counsel for Plaintiffs certify the parties have conferred in person on more than one occasion and through correspondence regarding the below discovery disputes.

**Defendants' Failure to Provide Rule 26 Disclosures**

1.      On November 14, 2019, the parties filed a Discovery Plan which was adopted by the Court on November 15, 2019.

2.      Initial Disclosures pursuant to FRCP 26(a)(1) where to be made on or before December 9, 2019. To date, none of the Defendants have served Plaintiffs with their Initial Disclosures.

**Defendants' Failure to Comply with Plaintiffs' Request<br>for Production of Documents**

3.      On January 3, 2020, Plaintiffs served their first Request for Production of Documents on all the Defendants.

2

4.      On May 21, 2020, Plaintiffs' counsel received two CDs containing 2,870 pages of documents. Plaintiffs numbered each page and created an index description of the documents. On July 24, 2020, Plaintiffs provided the index to Defendants and requested that Defendants provide a discovery response outlining which documents were responsive to Plaintiffs' specific requests.

5.      On July 24, 2020, Plaintiffs advised Defendants that the production of two CDs did not comply with FRCP 34 because a party may "not haphazardly produce documents without reference to which request the documents are produced." *H.C. Duke & Son, LLC v. Prism Marketing Corporation*, 2013 WL 12247811 (C.D. Ill. 2013), citing *Glover v. Bd. Of Educ. of Rockford Public Schools, Dist.* 205, No. 02 C 50143, 2004 WL 785279 (N.D. Ill. April 12, 2004).

6.      To date, Plaintiffs have not received any responses outlining which documents are responsive to Plaintiffs' requests. Defendants' should be compelled to respond to each request without objection.

<u>**Defendants' Failure to Comply with Plaintiffs' Second Request<br>for Production of Documents**</u>

7.      On July 13, 2020, Plaintiffs served a Second Request to Produce on all Defendants.

8.      **Plaintiffs' Second Request No. 1** requested "[e]ach and every grievance form and arbitrator's decision for each and every member of a police labor union who was subjected to disciplinary action and who filed a grievance to said disciplinary action within the last 20 years, including but not limited to:

    a.      John Brooks
    b.      Greg Simmons

3

      c.     Nate Ujinski
      d.     Corey Gallup
      e.     Rob McAtee"

9.     On August 7, 2020, Defendants objected to the production of any documents prior to October 2015, the date when Defendant, John Dossey ("Dossey") was hired as Police Chief by the City of Pekin. Notwithstanding, Defendants have not complied with the request for any time period.

10.     Defendants should be compelled to respond the request, including for the time period before October 2015, for the following reasons. First, both Defendants Baxter and Newcomb were involved with disciplinary matters prior to Dossey's hiring and Plaintiffs have a right to conduct discovery as to how other employees were treated over issues of alleged misconduct.

Second, Simmons filed four grievances against the City of Pekin. The first of which, filed while still a Pekin police officer, claimed there was no just cause to request Simmons' termination. The City of Pekin agreed to consolidate all of Simmons' grievances into one arbitration. An arbitrator was selected. Rather than proceeding with arbitration, the City of Pekin scheduled a hearing before the Fire and Police Commission which resulted in Simmons' termination. Despite decades of practice whereby union members were allowed to grieve discipline under the same CBA language applicable to Simmons, Dossey and the City of Pekin have now asserted that Simmons cannot grieve discipline or present evidence refuting the allegations of misconduct against him. Plaintiffs should have the right to pursue discovery concerning how officers subject to discipline, not within a protected class, were treated differently than Simmons.

4

11.     **Plaintiffs' Second Request No. 2** requested "[e]ach and every labor contract entered into by and between the City of Pekin Department of Police and any Police Union within the last 20 years, excluding the contract currently in affect." Defendants objected to the production of any documents prior to 2015.

<u>Defendants' Failure to Comply with Plaintiffs' Third Request for the Production of Documents</u>

12.     On July 29, 2020, Plaintiffs served their Third Request for the Production of Documents on all Defendants.

13.     **Plaintiffs' Third Request No. 1** requested "[t]he actual voice recordings (not the transcripts) of all persons whose statements were taken by the City of Pekin, including interviews conducted by the police department and human resources, in internal investigations of John Brooks and Greg Simmons since January 1, 2015." On September 28, 2020, Defendants' counsel indicated that the recordings were being copied. To date, the Defendants' response to Plaintiffs' Third Request No. 1 has not been received.

14.     **Plaintiffs' Third Request No. 2** requested "[t]he actual voice recordings (not the transcripts), of all interviews conducted by the City of Pekin, including interviews conducted by the police department and human resources, in internal investigations with Plaintiffs John Brooks and Gregory Simmons since January 1, 2015." On September 28, 2020, Defendants' counsel indicated that the recordings were being copied. To date, the Defendants' response to Plaintiffs' Third Request No. 2 has not been received.

15.    **Plaintiffs' Third Request No. 4** requested "[a]ny and all investigations, reports, complaints, memoranda, personnel records and all other relevant documents regarding allegations of misconduct by Don Baxter in the year 2020." Defendants did not object to Plaintiffs' request within 30 days or comply with the request.

16.    **Plaintiffs' Third Request No. 5** requested "[a]ny and all investigations, reports, complaints, memoranda, personnel records, and all other relevant documents regarding allegations of misconduct by May Pullium in the year 2020." Defendants did not object to Plaintiffs' request within 30 days or comply with the request.

17.    **Plaintiffs' Third Request No. 6** requested "[a]ll complaints from Officer Jen Melton against Gregory Simmons, including the "squad room event", from January 1, 2017 to the present." Defendants did not object to Plaintiffs' request within 30 days or comply with the request.

<u>Defendant City of Pekin's Failure to Comply with Plaintiffs' First Interrogatories</u>

18.    On January 3, 2020, Plaintiffs served their First Interrogatories on Defendant, City of Pekin ("Pekin").

19.    **Plaintiffs' Interrogatory No. 1** asked Pekin to "[s]tate each fact on which Defendant City of Pekin relies in its denial of the following paragraphs in the Second Amended Complaint:  21, 22, 25, 26, 27, 28, 29, 33, 34, 36, 40, 41, 43, 45, 48, 50, 51, 52, 53, 54, 55, 57, 58, 59, 60, 61, 65, 66, 68, 69, 71, 77, 78, 86, 88, 89 and in particular the City's contention that events occurring prior to Dossey's employment are irrelevant."

Pekin answered on February 18, 2020 stating, **"Objection, this Interrogatory is overly broad, unduly burdensome, and improper.  With respect to the facts disputed**

by Pekin in its Answer, these subjects are appropriate for deposition questioning.  This Interrogatory essentially constitutes 36 separate Interrogatories, in violation of Fed.R.Civ.Proc. 33(a)(1).  Plaintiffs' claim that Chief Dossey discriminated against them and treated them dissimilar to other officers who received disciplinary action for alleged similar conduct. Dossey has no knowledge regarding specific disciplinary actions taken against any City of Pekin police officers prior to beginning employment in late October 2015 as Police Chief."

Pekin should be compelled to answer Interrogatory No. 1 for the following reasons. Pekin's objection to numerosity is waived pursuant to *Peach v. City of Kewanee*, 2006 WL 8443111 (C.D. ILL.), citing *Allahverdi v. Regents of the University of New Mexico*, 228 F.R.D. 696 (D.C. NM 200) (objections not timely made are waived pursuant to Fed R Civ Proc. 33 (a)(4)). Regardless of the claim of Dossey's lack of knowledge, the City of Pekin can respond to the interrogatory. Defendant Donald Baxter ("Baxter") was clearly involved in disciplinary matters prior to October 2015 and the actions taken against Plaintiffs for alleged misconduct. Further, Dossey failed to reset the clock when he became Police Chief, which means that the standards for discipline utilized in prior cases of misconduct constitutes the policy for discipline after October 2015 and any deviation therefrom is *prima facia* evidence of pretext.

20.  **Plaintiffs' Interrogatory No. 2** asked Pekin "[w]as Officer Melton released early from probation?  If so, state each fact supporting early release."

Pekin answered stating, **"Objection, relevance.  Officer Melton was hired by the City of Pekin in 2003 and to the best of Pekin's knowledge, completed PTI and necessary training 17 years ago.  This Interrogatory seeks information that is**

7

immaterial to, and irrelevant to the matters alleged in the Plaintiffs' Second Amended Complaint."

Pekin should be compelled to answer Plaintiffs' Interrogatory No. 2 because Plaintiff's interrogatory is material and relevant. Lt. Gleeson investigated and found that Melton lied to her superiors as to the reason why she dumped a call while a probationary officer. This was the second instance of Melton lying about a call. Each of Melton's Field Training Officers ("FTOs") was prepared to vote for her termination yet was prevented from doing so. Her file was sent to the Police and Fire Commission with a recommendation to retain her despite the lack of required FTO written approval. Melton's performance review revealed she was only occasionally truthful. Melton's reputation for dishonesty goes to the substance of Plaintiffs' claim that Melton's accusations against Simmons were false and that Defendants had no reason to believe her over Simmons and Officer Richardson, who denied Simmons ever made statements about her breasts.

21.     **Plaintiff's Interrogatory No. 3** asked Pekin, "Were any FTO's opposed to retaining Melton on the force?  If so, identify each such officer and the grounds for each officer's vote."

Pekin answered stating, **"Objection, relevance.  This Interrogatory seeks information that is immaterial and irrelevant to, and has no rationale relationship whatsoever to the allegations of Plaintiffs' Second Amended Complaint.  See the Objection to Interrogatory No. 2 above."**

Pekin should be compelled to answer Plaintiff's Interrogatory No. 3, which is material and relevant for the same reasons as Interrogatory No. 2, explained above.

22.    **Plaintiff's Interrogatory No. 4** asked Pekin to "[s]tate each fact indicating an official report was made regarding the incident when Officer Palmer was involved in a traffic accident and Sargent Barth pressured a Tazewell County Deputy to falsify a report."

Pekin answered stating, **"Objection, relevance.  This Interrogatory seeks information that is immaterial to and has no factual relationship whatsoever to the allegations of Plaintiffs' Second Amended Complaint."**

Pekin should be compelled to answer Interrogatory No. 4 because Plaintiffs' interrogatory is relevant and material. Sgt. Barth violated policy by pressuring a law enforcement officer to change his report that Officer Palmer was at fault in an accident. Despite a complaint by the other driver in the accident and the report to Dossey about Barth's misconduct, no disciplinary action was taken. Barth was shown to have been dishonest and is a comparator to the Plaintiffs.

23.    **Plaintiff's Interrogatory No. 5** asked Pekin to "[s]tate the date prior to November 2017, when any or all police officers were evaluated."

On February 18, 2020, Pekin answered stating, **"Objection, with respect to any matters occurring prior to October 2015 when Chief Dossey began employment with the City of Pekin.  Please refer to the objection to Interrogatory No. 1 above.  The City will provide a response after the information is obtained by counsel, as to the period of time from October 2015 through early 2018."**

9

To date, Pekin has failed to provide even the limited information it agreed to produce – evaluations from October 2015 through early 2018. Pekin should be compelled to answer Plaintiff's Interrogatory No. 5 and to provide all evaluations requested, including those prior to October 2015, because they are relevant and material. The failure to follow policy in this instance goes to Defendant, Sarah Newcomb's ("Newcomb") conduct. Dossey's failure to reset the clock makes past practices relevant to his conduct. Further, the failure or refusal to follow regulations (performing evaluations) impacts an officer's potential future discipline and the lack thereof can be used as a sword or shield by those with improper disciplinary motives.

24.     **Plaintiff's Interrogatory No. 6** asked Pekin, "Did City Manager Carson recommend termination of Lieutenant Burris because of his misconduct directed towards Officer Simmons?"

Pekin answered stating, **"Objection, relevance. This Interrogatory seeks information that is immaterial to, and has no factual relationship whatsoever to the allegations of Plaintiffs' Second Amended Complaint."**

Pekin should be compelled to answer Plaintiffs' Interrogatory No. 6 because Lt. Burris is a comparator (lied during an investigation and made sexually inappropriate comments) to Plaintiffs and the facts and circumstances of how and why he was disciplined, including recommendations by Dossey and Baxter's superior, are relevant and material.

25.     **Plaintiffs' Interrogatory No. 14** asked Pekin, "How many written or documented complaints have been made by employees against other employees or supervisors during the last 10 years?"

10

a.     By who?
b.     Against who?
c.     Outcome of each complaint.

Pekin answered stating, **"Objection, this Interrogatory is improper, overly broad, unduly burdensome and not limited in scope in any fashion. The City of Pekin is willing to respond to this Interrogatory pertaining to sworn police officers within the Police Department since October 2015, when Chief Dossey was hired, for the relevant time period through the dates of discontinuance of Plaintiffs' employment with the City of Pekin. Matters occurring before Chief Dossey was Police Chief are irrelevant, given the allegations of the Second Amended Complaint. Furthermore, employment matters pertaining to sworn police officers occurring after Plaintiffs' employment terminated with the City of Pekin are also irrelevant to the matters at issue as framed by the Second Amended Complaint. The City will respond after information is obtained by counsel, as to factual situations of "written or documented" complaints made against sworn Pekin Police Officers for conduct similar to that conduct of Plaintiff for which disciplinary charges were initiated.**

Pekin has failed to produce the limited information it agreed to on February 18, 2020. Pekin should be compelled to answer Plaintiffs' Interrogatory No. 14 in its entirety because complaints prior to October 2015 are material and relevant as to the issue of past practice within the police department and Baxter and Newcomb's conduct toward employees not in a protected class. Pekin has failed to establish the nature and extent of the burden claimed to establish a valid objection. *Burton Mechanical Contractors, Inc.*, 148 F.R.D. 230 (N.D. Ind. 1992).

<u>Defendant John Dossey's Failure to Comply with Plaintiffs' First
Interrogatories</u>

26.    On January 3, 2020, Plaintiffs served their First Interrogatories on
Defendant, John Dossey ("Dossey")

27.    **Plaintiffs' Interrogatory No. 1** asked Dossey to "[s]tate each fact on which
Defendant, John Dossey, relies in his denial of the following paragraphs in the Second
Amended Complaint:  21, 22, 25, 26, 27, 28, 29, 33, 34, 36, 40, 41, 43, 45, 48, 50, 51, 52,
53, 54, 55, 57, 58, 59, 60, 61, 65, 66, 68, 69, 71, 77, 78, 86, 88, 89 and in particular his
contention that events occurring prior to Dossey's employment are irrelevant."

Dossey answered stating, **"Objection, this Interrogatory is overly broad, unduly
burdensome, and improper.  With respect to the facts disputed by Pekin in its Answer,
these subjects are appropriate for deposition questioning.  This Interrogatory
essentially constitutes 36 separate Interrogatories, in violation of Fed.R.Civ.Proc.
33(a)(1)."**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 1 because
Defendant's objection to numerosity is waived pursuant to *Peach v. City of Kewanee*,
2006 WL 8443111 (C.D. Ill), citing *Allahverdi v. Regents of the University of New
Mexico*, 228 F.R.D. 696 (D.C. N.M. 200) (objections not timely made are waived
Fed.R.Civ.Proc. 33 (a)(4) ). Dossey has failed to establish the nature and extent of the
burden claimed to establish a valid objection. *Burton Mechanical Contractors, Inc.*, 148
F.R.D. 230 (N.D. Ind. 1992).

28.     **Plaintiffs' Interrogatory No. 2** asked Dossey, "Did you suspend Officer Simmons without pay for a period greater than 5 days without an order from the Police and Fire Commission?"

On February 18, 2020, Dossey answered stating, **"To be provided."**

Dossey has not provided any information responsive to Plaintiff's Interrogatory No. 2 and should be compelled to answer it after he agreed to do so.

29.     **Plaintiffs' Interrogatory No. 3** asked Dossey, "Did you suspend Officer Brooks without pay?  If not, who did?  Was Brooks a salaried employee at the time?"

On February 18, 2020, Dossey answered stating, **"To be provided."**

Dossey has not provided any information responsive to Plaintiff's Interrogatory No. 3 and should be compelled to answer it after he agreed to do so.

30.     **Plaintiffs' Interrogatory No. 4** asked Dossey, "Do you maintain a residence outside the City of Pekin and outside of the boundary requirements for the Chief of Police?  If so, where is said residence?"

Dossey answered stating, **"Objection, relevance.  This Interrogatory seeks immaterial information that has no relationship to Plaintiffs' claims in the Second Amended Complaint"**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 4 because Plaintiffs' interrogatory is relevant as it may establish further evidence of Defendants' failure or refusal to follow policies and regulations, which is proof of pretext with regard to Plaintiffs' discipline.

31.     **Plaintiffs' Interrogatory No. 6** asked Dossey, "Did you say to Lieutenant Brooks in regard to the female lateral police applicant from ISU 'is she hot?'"

Dossey answered stating, **"Objection, relevance.   This Interrogatory seeks immaterial information that has no relationship to Plaintiffs' claims in the Second Amended Complaint."**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 6 because Plaintiffs' interrogatory is relevant. It may establish further evidence of a command officer's failure or refusal to follow policies and regulations which is proof of pretext with regard to Plaintiffs' discipline.

32.   **Plaintiffs' Interrogatory No. 8** asked Dossey, "Have you ever withheld, or been accused of withholding, exculpatory evidence or witness testimony from any tribunal or provide false or misleading testimony?"

Dossey answered stating, **"Objection, relevance.   This Interrogatory seeks immaterial information that has no relationship to Plaintiffs' claims in the Second Amended Complaint.  To the extent this Interrogatory seeks information pertaining to Dossey's work at a prior municipality, this Court has already ruled such information is not subject to discovery, as irrelevant to Plaintiffs' claims."**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 8 because Plaintiffs' interrogatory is relevant and material. A jury will be called upon to assess the credibility of the parties and Dossey's past behavior may establish a pattern of conduct. Further, this request is very different from the one made via subpoena to Highland Park in the Ujinski matter. Because Ujinski claimed discrimination on the basis of his union activity, he was thereafter restricted to obtaining documents of union animus by Dossey.

14

33.    **Plaintiffs' Interrogatory No. 10** asked Dossey, "Did Greg Burris or Jennifer Melton lie at any time during the investigation of complaints made against them?"

On February 18, 2020, Dossey answered stating, **"Information to be provided."**

Dossey has not provided any information responsive to Plaintiff's Interrogatory No. 10 and should be compelled to answer Plaintiffs' Interrogatory No. 10 after he agreed to do so.

34.    **Plaintiffs' Interrogatory No. 11** asked Dossey, "Are Pekin Police Officers immune from discipline for off duty conduct that violates department policies, rules and regulations, or laws, and if so, explain why."

Dossey answered stating, **"Objection, relevance.  This Interrogatory seeks information contained in published Pekin Police Department Rules and Procedures. This Interrogatory seeks information that has nothing to do with Plaintiffs' claims in this case, nor any relationship to the reasons for the disciplinary charges being filed against Plaintiffs, which are at issue in this case."**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 11. Plaintiffs' interrogatory is relevant because a comparator listed in Plaintiffs' complaint was not disciplined for criminal misconduct occurring off duty. The standards for discipline and whether they are used/not used for pretextual reasons go to the core issue in this case.

35.    **Plaintiffs' Interrogatory No. 12** asked Dossey, "Did Lt. Brooks or Officer Simmons report their concerns of retaliation to you directly and if so, what exactly was their complaint and what did you do to protect them?"

On February 18, 2020, Dossey answered stating, **"To be provided."**

Dossey has not provided information responsive to Plaintiffs' Interrogatory No. 12 and should be compelled to answer it because he agreed to do so.

36.     **Plaintiffs' Interrogatory No. 13** asked Dossey, "Did you eliminate a female police applicant who at the time was employed as a prison guard in Canton, Illinois and if so, why?"

Dossey answered stating, **"Objection, relevance.   This Interrogatory seeks information irrelevant to Plaintiffs' claims in the Second Amended Complaint."**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 13. Plaintiffs' interrogatory is relevant because it may establish evidence that Defendant uses pretextual reasons for employment decisions. Dossey cited a license suspension as a reason to not hire an applicant when in fact he had knowledge that the applicant's license was not suspended.

37.     **Plaintiffs' Interrogatory No. 14** asked Dossey, "How long did you serve as a Lieutenant with the Hanover Park Police Department?"

Dossey answered stating, **"Objection, relevance.   This Interrogatory seeks immaterial information that has no relationship to Plaintiffs' claims in the Second Amended Complaint.  To the extent this Interrogatory seeks information pertaining to Dossey's work at a prior municipality, this Court has already ruled such information is not subject to discovery, as irrelevant to Plaintiffs' claims."**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 14 because it will lead to relevant evidence of Defendant's training and experience in supervising police officers prior to assuming his position in Pekin.

16

38.  **Plaintiffs' Interrogatory No. 15** asked Dossey, "Were you ever disciplined or counseled while employed by the Hanover Park Police Department or the Pekin Police Department and if so, why?"

Dossey answered stating, **"Objection, relevance.  This Interrogatory seeks immaterial information that has no relationship to Plaintiffs' claims in the Second Amended Complaint.  To the extent this Interrogatory seeks information pertaining to Dossey's work at a prior municipality, this Court has already ruled such information is not subject to discovery, as irrelevant to Plaintiffs' claims."**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 15 because it may lead to relevant evidence regarding Defendant's training and experience in supervising police officers as well as whether his disciplinary experiences played a role in Plaintiffs' and their comparators' discipline.

39.  **Plaintiffs' Interrogatory No. 16** asked Dossey, "Did you ever make an accommodation for Lt. Little to work 3rd shift so he could care for his father?"

Dossey answered stating, **"Objection, relevance.  This Interrogatory's subject has nothing to do with Plaintiffs' claims."**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 16 because it may lead to evidence that Defendant accommodated an employee not in a protected group and refused to accommodate Brooks' disability.   Brooks was refused an accommodation to stay on first shift because of Melton and a transfer to third shift because of Little's father.

40.  **Plaintiffs' Interrogatory No. 17** asked Dossey, "Did you or anyone from the City respond to a subpoena request from the Pekin Police Pension Fund requesting

the personnel file of Chris Bitner, if so, how did the release comply with the Personnel Records Review Act?"

Dossey answered stating, **"Objection, relevance.  This Interrogatory seeks immaterial information that has no relationship to Plaintiffs' claims in the Second Amended Complaint."**

Dossey should be compelled to answer Plaintiffs' Interrogatory No. 17 because Plaintiffs' interrogatory is relevant and material. Brooks was accused of violating the Act after he complained of retaliation even though there may be evidence Defendant violated the Act making one of his reasons for terminating Brooks pretextual.

<u>**Defendant Jennifer Melton's Failure to Comply with Plaintiffs' First Interrogatories**</u>

41.    On January 3, 2020, Plaintiffs serve their First Interrogatories on Defendant Jennifer Melton ("Melton").

42. **Plaintiffs' Interrogatory No. 10** asked Melton to "[s]tate each and every fact which explains the lapse in time between the events of which you accused Officer Simmons and the date you reported the event."

Melton answered stating, **"Objection, this Interrogatory is vague.  This Interrogatory does not specify what specific 'events' are referred to here.  The subject matter of this Interrogatory is appropriate for deposition testimony, to the extent such seeks a lengthy narrative answer from Officer Melton.  See the documents that pertain to Simmons' disciplinary charge, to be produced by Pekin in discovery, and previously obtained by counsel for Plaintiffs."**

Melton should be compelled to answer Plaintiffs' Interrogatory No. 10 because Defendant's objection is not valid. The scope of examination by interrogatories is just

as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950). Pursuant to F.R.C.P 33(d) Defendant must provide "sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Defendant's response to see documents that will be produced in the future does not provide sufficient detail. Further, Defendants have been told "events" means the alleged breast comments.

43.    **Plaintiffs' Interrogatory No. 11** asked Melton to "[s]tate each fact involving action taken by you at or near the time you filed against Simmons to identify the dates of each event of which you complained about Simmons."

Melton answered stating, **"Objection, this Interrogatory is vague.   This Interrogatory does not specify what specific 'events' are referred to here.   This subject matter of this Interrogatory is appropriate for deposition testimony, to the extent such seeks a lengthy narrative answer from Officer Melton.   See the documents that pertain to Simmons' disciplinary charge, to be produced by Pekin in discovery, and previously obtained by counsel for Plaintiffs."**

Melton should be compelled to answer Plaintiffs' Interrogatory No. 11 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950). Pursuant to F.R.C.P 33(d) Defendant must provide "sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Defendant's response to see documents that will be produced in the future does not provide sufficient detail.

44.   **Plaintiffs' Interrogatory No. 13** asked Melton, "Do you remain affiliated with Lula Roe to this date?  If not, when did your employment or affiliation cease, and why?"

Melton answered stating, **"Objection, relevance.  My side self-employment work is irrelevant to the allegations of the Second Amended Complaint."**

Melton should be compelled to answer Plaintiffs' Interrogatory No. 13 because Plaintiffs' interrogatory is relevant to the facts surrounding Melton's (Plaintiffs' comparator) misconduct in the workplace.

45. **Plaintiffs' Interrogatory No. 14** asked Melton, "At any time while employed as a Pekin Police Officer have you had outside employment or been engaged in activity for income in addition to your police wages?"

Melton answered stating, **"Objection, relevance.  My side self-employment work is irrelevant to the allegations of the Second Amended Complaint.**

Melton should be compelled to answer Plaintiffs' Interrogatory No. 14 because Plaintiffs' interrogatory is relevant to the facts surrounding Melton's (Plaintiffs' comparator) misconduct in the workplace and lying during an investigation.

46.   **Plaintiffs' Interrogatory No. 16** asked Melton, "While employed as a Pekin Police Officer have you conducted private employment or business tasks while:

a.     On duty?
b.     In a squad car?
c.     In uniform?
d.     In the presence of other officers?"

Melton answered stating, **"Objection, relevance.  My side self-employment work is irrelevant to the allegations of the Second Amended Complaint."**

Melton should be compelled to answer Plaintiffs' Interrogatory No. 16 because Plaintiffs' interrogatory is relevant to the facts surrounding Melton's (Plaintiffs' comparator) misconduct in the workplace.

47. **Plaintiffs' Interrogatory No. 17** asked Melton, "Are you and your husband 'swingers'?"

Melton answered stating, **"Objection, relevance.  This Interrogatory seeks information that has no relational relationship to any allegation in the Second Amended Complaint.  Any private, sexual matters of Melton with respect to her husband have no basis for being the subject of discovery in this matter."**

Melton should be compelled to answer Plaintiffs' Interrogatory No. 17 because Plaintiffs' interrogatory is relevant. Even if Simmons had made the comments, as claimed by Melton, Melton's claim of sexual harassment and Defendants' use of Melton's alleged victimhood was used as a basis to fire Simmons. Melton's status as a "victim of sexual harassment" was also used as a basis to transfer Brooks to a shift he could not work due to his disability. Evidence may establish that Defendants knew Melton was lying and manufacturing her alleged subjective offense to Simmons' conduct. In other words, Simmons' alleged conduct was not unwelcomed and Melton engaged in far more sexually graphic conduct, including with members of the police department. "[I]t does not follow that a complainant's sexually provocative speech or dress is irrelevant as a matter of law in determining whether he or she found particular sexual advances unwelcome. To the contrary, such evidence is obviously relevant." *Meritor Savings Bank v. Vinson*, 106 S.Ct. 2399 91986.

48. **Plaintiffs' Interrogatory No. 18** asked Melton to "[s]tate each fact on which you base your denial of paragraphs 21, 22, 25, 26, 27, 36, 38, 40, 41, 42, 43, 45, 48, 50, 51, 52, 53, 54, 55, 57, 59, 60, 61, 65, 66, 69, 71, 75, 77, 78, 83, and 86 of the Second Amended Complaint."

Melton answered stating, **"Objection, this Interrogatory is overly broad, unduly burdensome, and improper.  With respect to the allegations of Plaintiffs disputed by Melton in her Answer, these subjects are appropriate for deposition questioning.  This Interrogatory essentially constitutes 32 separate Interrogatories, and therefore violated Fed.Civ. Proc.R. 33(a)(1)."**

Melton should be compelled to answer Plaintiffs' Interrogatory No. 18 because Defendant's objection to numerosity is waived pursuant to *Peach v. City of Kewanee*, 2006 WL 8443111 (C.D. Ill), citing *Allahverdi v. Regents of the University of New Mexico*, 228 F.R.D. 696 (Dist. Ct. N.M. 2005) (objections not timely made are waived pursuant to **Fed.Civ. Proc.R 33 (a)(4)**). Defendant's objection is not valid since the scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950). Defendant's objection is not valid because a party may not make bald and generic reasons for objections; specificity is required. *Moreno Rivera v. DHL Global Forwarding,* 272 F.R.D. 50 (Dist. Ct. Puerto Rico 2011).

49. **Plaintiffs' Interrogatory No. 20** asked Melton, "When and by whom were you informed of the Theresa Humphreys' complaint?"

Melton answered stating, **"Objection, relevance.  This Interrogatory seeks information that has no factual relationship to any of the allegations in the Second**

Amended Complaint filed against me.  I am aware that Plaintiff Simmons asked Theresa Humphreys to initiate a complaint against me with the Pekin Police Department in retaliation for my report to the police department administration about Simmons commenting on the size of my breasts to a Pekin citizen in a public restaurant.  The exact date on which Plaintiff Simmons directed Humphreys to initiate a complaint against Officer Melton is unknown to Melton."

Melton should be compelled to answer Plaintiffs' Interrogatory No. 20 because Defendant's response is incomplete. She fails to state the name of the person who informed her, and there is evidence Melton was inappropriately forewarned about a citizen complaint before an investigation into her misconduct was initiated.

50.   **Plaintiffs' Interrogatory No. 21** asked Melton, "When did you remove Theresa Humphreys from any social media account of yours?"

Melton answered stating, **"Objection, relevance.  This question has no factual bearing as to the factual issues alleged by Plaintiffs in the Second Amended Complaint. This Interrogatory is improper and immaterial to the claims at issue in this matter. Without waiving these objections, I do not remember."**

Melton should be compelled to answer Plaintiffs' Interrogatory No. 21 because Plaintiffs' interrogatory is relevant to the facts surrounding Melton's (Plaintiffs' comparator) misconduct in the workplace. Also, there is evidence Melton was inappropriately forewarned about a citizen complaint before an investigation into her misconduct was initiated.

51.   **Plaintiffs' Interrogatory No. 23** asked Melton, "Were you released early from probation?  If so, why?"

Melton answered stating, **"Objection, relevance. Officer Melton was hired by the City of Pekin in 2003 and to the best of Pekin's knowledge, completed PTI and necessary training 17 years ago. This Interrogatory seeks information that is immaterial to, and irrelevant to the matters alleged in the Plaintiffs' Second Amended Complaint."**

Melton should be compelled to answer Plaintiffs' Interrogatory No. 23 because Plaintiff's interrogatory is material and relevant. Lt. Gleeson investigated and found that Melton lied to her superiors as to the reason why she dumped a call while a probationary officer. Each of Melton's FTOs was prepared to vote for her termination yet was prevented from doing so. Her file was sent to the Police and Fire Commission with a recommendation to retain her despite the lack of required FTO written approval. Melton's performance review noted she was only occasionally truthful. Defendant's knew of her reputation yet ignored Simmons and Officer Richardson's denial of the breast comments being made and used Melton's charge to terminate Simmons.

## Defendant Donald Baxter's Failure to Comply with Plaintiffs' First Interrogatories to

52.    On January 3, 2020, Plaintiffs served their First Interrogatories on Defendant Donald Baxter ("Baxter").

53. **Plaintiffs' Interrogatory No. 1** asked Baxter to "[d]escribe in detail how the allegations of Paragraph 89(g) of the Second Amended Complaint are inaccurate."

Baxter answered stating, **"Objection, this calls for a narrative response that is more appropriate for a deposition. The incident in which an officer 'illegally ordered subordinate officers to intervene in a private personnel matter, is plainly outside the**

24

scope of discovery in this matter regarding matters relevant to, or material to the allegations in the Second Amended Complaint.  The incident alleged in Paragraph 89(g) did not occur as alleged, and has nothing to do with the charges filed in the Police and Fire Commission against Plaintiffs."

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 1 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950). Defendant's objection is not valid because a party may not make bald and generic reasons for objections; specificity is required. *Moreno Rivera v. DHL Global Forwarding,* (272 F.R.D. 50 (Dist. Ct. Puerto Rico 2011). Plaintiffs have alleged that Baxter is a comparator, engaged in significant misconduct, and was not disciplined.

54.    **Plaintiffs' Interrogatory No. 2** asked Baxter, "What action, if any, was taken against Lieutenant Bradd Elliot for reporting the Baxter/Springfield incident?"

Baxter answered stating, **"Objection, relevance.   The 'Baxter/Springfield' incident has no relevance to the claims in the Second Amended Complaint, and has no relevance to nor is material to the charges that were filed against Plaintiffs before the Police and Fire Commission."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 2 because Plaintiffs have alleged that Baxter is a comparator, engaged in significant misconduct, and was not disciplined. Further, facts regarding this incident may establish evidence of a pattern of retaliatory behavior.

55.     **Plaintiffs' Interrogatory No. 3** asked Baxter, "Have police officers of any jurisdiction been involved in a domestic disturbance complaint of you?  If so, was a report made?  Identify the police agency involved."

Baxter answered stating, **"Objection, relevance.   This Interrogatory seeks information that has no relevance to the charges filed against Plaintiffs in the Police and Fire Commission or the allegations set forth in the Second Amended Complaint."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 3. This interrogatory is relevant because Plaintiffs have alleged that Baxter is a comparator, engaged in significant misconduct, and was not disciplined.

56.     **Plaintiffs' Interrogatory No. 5** asked Baxter, "At any time while you have been employed as a police officer by the City of Pekin have you threatened your own life?  If so, state the date, the time and the location and any reason for your conduct, and state the name and address of all who were present or involved in any way, and also:

    a.     State whether an incident report to any police agency was made, and
    b.     State whether you were disciplined, removed from duty or evaluated."

Baxter answered stating, **"Objection, relevance.   This Interrogatory seeks information that has no relevance to the charges filed against Plaintiffs in the Police and Fire Commission or the allegations set forth in the Second Amended Complaint. "**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 5 because this interrogatory is relevant. Plaintiffs have alleged that Baxter is a comparator, engaged in significant misconduct, and was not disciplined.

57.  **Plaintiffs' Interrogatory No. 6** asked Baxter to "[d]escribe each incident in full where Officer Melton was:

a.  Insubordinate.
b.  Derelict in her duties.
c.  Had performance issues.
d.  Was reluctant to deal with the public when physical contact might ensue."

Baxter answered stating, **"Please refer to the Defendants' objection to the Request for Production No. 22, propounded by Plaintiffs. That objection is adopted herein."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 6 because Defendant's objection is not valid. A party may not make bald and generic reasons for objections, specificity is required. *Moreno Rivera v. DHL Global Forwarding,* (272 F.R.D. 50 (Dist. Ct. Puerto Rico 2011). Further, Plaintiffs have never received any response to the document request from any Defendant.

58.  **Plaintiffs' Interrogatory No. 7** asked Baxter, "Have you been disciplined or counseled for any alcohol issues? If yes, describe in detail each such event."

Baxter answered stating, **"Objection, relevance. This Interrogatory seeks information that has no relevance to the charges filed against Plaintiffs in the Police and Fire Commission or the allegations set forth in the Second Amended Complaint."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 7. This interrogatory is relevant because Plaintiffs have alleged that Baxter is a comparator, engaged in significant misconduct, and was not disciplined.

59.  **Plaintiffs' Interrogatory No. 8** asked Baxter, "Who appointed you to investigate your treatment of Lieutenant Brooks?"

27

Baxter answered stating, **"Objection, vague, argumentative. Without waiving said objection, this is an appropriate subject for deposition testimony. Please refer to the internal Pekin Police Department investigation file as to Brooks."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 8 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950). Pursuant to F.R.C.P 33(d) Defendant must provide "sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Baxter investigated Brooks' complaints against himself, Dossey and Newcomb, thereby violating the policy that an officer charged with misconduct cannot control the investigation.

60.   **Plaintiffs' Interrogatory No. 10** asked Baxter to "[s]tate in detail the 'direction' you gave Lieutenant Brooks regarding questioning Officer Simmons to follow-up on an incident involving Officer Melton in 2017."

Baxter answered stating, **"Objection, this calls for a narrative response more appropriate for a deposition."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 10 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950).

61.   **Plaintiffs' Interrogatory No. 11** asked Baxter to "[d]escribe in detail the conversation between you, Dossey and Brooks in 2017, wherein Lieutenant Brooks

informed you that Simmons and Richardson denied making comments about Melton's breasts."

Baxter answered stating, **"Objection, this calls for a narrative response more appropriate for a deposition."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 11 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950).

62.    **Plaintiffs' Interrogatory No. 12** asked Baxter, "Have you and Melton or you and Newcomb been, at any time, in a personal or sexual relationship?"

Baxter answered stating, **"Objection, relevance.   Baxter's, Melton's and Newcomb's private sexual relationships have no relevance to this case or the claims of Plaintiffs set forth in the Second Amended Complaint, nor any relevance to the charges that were filed against Plaintiffs with the Police and Fire Commission."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 12. Defendant's objection is not valid because such a relationship may establish evidence of bias.

63.    **Plaintiffs' Interrogatory No. 13** asked Baxter, "Is it the policy of the Pekin Police Department that any inaccuracy uttered by an officer in an internal investigation interrogation is grounds for termination?"

Baxter answered stating, **"This is an appropriate subject for deposition testimony, as the disciplinary action to be taken against a sworn Pekin police officer for providing false information is assessed on a case-by-case, fact specific situation and**

basis.   **This Interrogatory is overly broad, and unspecific and is an improper, argumentative question."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 13 because Defendant's objection is not valid. A party may not make bald and generic reasons for objections; specificity is required. *Moreno Rivera v. DHL Global Forwarding,* (272 F.R.D. 50 (Dist. Ct. Puerto Rico 2011). Defendant's objection is not valid since the scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950).

64.   **Plaintiffs' Interrogatory No. 15** asked Baxter to "[s]tate each fact on which you base your denial of paragraphs 21, 22, 25, 26, 27, 42, 43, 45, 48, 50, 51, 52, 53, 54, 55, 57, 59, 60, 61, 65, 66, 69, 71, 75, 77, 78, 83, and 86 of the Second Amended Complaint."

Baxter answered stating, **"Objection, this Interrogatory is overly broad, unduly burdensome and improper.   This Interrogatory essentially constitutes approximately 30 separate Interrogatories and is in violation of Fed.R.Civ.Proc. 33(a)(1)."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 15 because Defendant's objection to numerosity is waived pursuant to *Peach v. City of Kewanee*, 2006 WL 8443111 (C.D. Ill), citing *Allahverdi v. Regents of the University of New Mexico*, 228 F.R.D. 696 (Dist. Ct. N.M. 2005) (objections not timely made are waived pursuant to Fed.R.Civ.Proc. 33 (a)(4) ).

65.  **Plaintiffs' Interrogatory No. 16** asked Baxter to "[d]escribe in detail all action taken by you in regard to the discipline of Officer Barth arising out of the 'F\*\*k me' incident including whether you determined the comment was non-sexual?"

Baxter answered stating, **"Objection, this Interrogatory seeks information pertaining to a situation that has no relevance to, nor is material to the reasons for which charges were filed against Plaintiffs in the Police and Fire Commission."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 16 because Defendant's objection is not valid. Plaintiffs have alleged that Barth is a comparator and the handling of his misconduct is relevant and material to the handling of misconduct charges against Simmons.

66.  **Plaintiffs' Interrogatory No. 19** asked Baxter, "Did you advise Officer Simmons that Lt. Burris could not be removed from duty without pay because he was a Lieutenant?"

Baxter answered stating, **"The matters involving Lieutenant Burris have no relevance to the allegations in the Second Amended Complaint, nor does the matter involving Burris have any relationship to the reasons for which charges were filed against Plaintiff Simmons before the Police and Fire Commission."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 19 because Defendant's objection is not valid. Burris is a comparator. Evidence that Baxter refused to remove Burris without pay but allowed Brooks to be removed without pay is evidence of discriminatory treatment.

67.  **Plaintiffs' Interrogatory No. 20** asked Baxter, "At any time was accrued time off deducted from Lt. Burris for discipline resulting in no deductions in his pay?"

31

Baxter answered stating, **"The matters involving Lieutenant Burris have no relevance to the allegations in the Second Amended Complaint, nor does the matter involving Burris have any relationship to the reasons for which charges were filed against Plaintiff Simmons before the Police and Fire Commission."**

Baxter should be compelled to answer Plaintiffs' Interrogatory No. 20 because Defendant's objection is not valid. Burris is a comparator. Evidence that Baxter refused to remove Burris without pay but allowed Brooks to be removed without is evidence of discriminatory treatment.

<u>Defendant Sarah Newcomb's Failure to Comply with Plaintiffs' First Interrogatories</u>

68.    On January 3, 2020, Plaintiffs served their First Interrogatories on Defendant Sarah Newcomb ("Newcomb").

69. **Plaintiffs' Interrogatory No. 1** asked Newcomb, "Were you responsible for moving Brooks to second shift in 2017?   If your answer is no, state who was responsible."

Newcomb answered stating, **"Objection, this calls for a narrative response that is more appropriate for a deposition.   See materials Pekin will produce in discovery."**

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 1 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950). An interrogatory is not objectionable merely because it asks for information which defendants must procure by reference to documents. *Leonia Amusement Corp. v. Loew's Inc.*, 18 F.R.D. 503 (S.D. N.Y 1955).

70.  **Plaintiffs' Interrogatory No. 2** asked Newcomb, "As to complaints by Simmons, in late 2016 - early 2017, of misconduct by command officers, state:

a.  The date you were informed of each incident.
b.  The identity of each command officer in each incident who reported the incident to you.
c.  The date the incident occurred.
d.  The subject matter of each incident.
e.  Describe in detail all actions taken by you in regard to each incident.
f.  As to each such incident do you, or does any other City employee, have possession of any records?"

Newcomb answered stating, **"Objection, this calls for a narrative response that is more appropriate for a deposition.  Please refer to the documents that will be produced in discovery by Pekin, which include personnel manager Newcomb's non-privileged file materials maintained regarding Simmons."**

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 2 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950). An interrogatory is not objectionable merely because it asks for information which defendants must procure by reference to documents. *Leonia Amusement Corp. v. Loew's Inc.*, 18 F.R.D. 503 (S.D. N.Y 1955).

71.  **Plaintiffs' Interrogatory No. 3** asked Newcomb to "[d]escribe each and every purchase you have made of any item from Officer Melton including the date and a description of each item."

Newcomb answered stating, **"Objection, relevance.  This Interrogatory seeks information that has nothing to do with the allegations in the Second Amended Complaint."**

33

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 3 because Defendant's objection is not valid. Defendant's knowledge of Melton's violation of relevant rules and policies and her failure to initiate discipline may establish pretext in the discipline of Plaintiffs.

72.    **Plaintiffs' Interrogatory No. 4** asked Newcomb to "[s]tate each fact on which you base your denial of the factual allegations in paragraphs 21, 22, 25, 26, 27, 42, 43, 45, 48, 50, 51, 52, 53, 54, 55, 57, 59, 60, 61, 65, 66, 69, 71, 75, 77, 78, 83, and 86 of the Second Amended Complaint."

Newcomb answered stating, **"Objection, this Interrogatory is overly broad, unduly burdensome and improper. This Interrogatory essentially constitutes approximately 30 separate Interrogatories and is in violation of Fed.R.Civ.Proc. 33(a)(1)."**

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 4 because Defendant's objection to numerosity is waived pursuant to *Peach v. City of Kewanee*, 2006 WL 8443111 (C.D. Ill), citing *Allahverdi v. Regents of the University of New Mexico*, 228 F.R.D. 696 (Dist. Ct. N.M. 2005) (objections not timely made are waived pursuant to Fed.R.Civ.Proc. 33 (a)(4) ).

73.    **Plaintiffs' Interrogatory No. 5** asked Newcomb, "Did you or anyone else personally interview Officers Simmons and Brooks regarding their complaints in 2016 and 2017?"

Newcomb answered stating, **"Please refer to the documents that will be produced in discovery by Pekin, which include all of the investigation interviews conducted, some of which were attended by Human Resources Manager Newcomb."**

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 5. Pursuant to F.R.C.P 33(d) Defendant must provide "sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." An interrogatory is not objectionable merely because it asks for information which defendants must procure by reference to documents. *Leonia Amusement Corp. v. Loew's Inc.*, 18 F.R.D. 503 (S.D. N.Y 1955).

74.   **Plaintiffs' Interrogatory No. 6** asked Newcomb, "Did you make a record of what was said by witnesses in the Brooks and Simmons investigations in 2016 and 2017?"

Newcomb answered stating, **"Newcomb will produce any notes she personally generated regarding witnesses during the investigations involving Brooks and Simmons in either 2016 or 2017."**

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 6 as the question is relevant and has not been answered. No notes have been provided to Plaintiffs.

75.   **Plaintiffs' Interrogatory No. 7** asked Newcomb, "Were you involved in any way in police officers being given free lunches at Pekin Insurance Company? If not, who was responsible for this program?"

Newcomb answered stating, **"Objection, relevance. This Interrogatory has no bearing on, nor relevance to, the matters alleged in the Second Amended Complaint or the disciplinary charges filed against Plaintiffs before the Police and Fire Commission."**

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 7. Defendant's objection is not valid because Newcomb's violation of relevant policies and thereafter use of the same policies for discipline may establish evidence of pretext.

76.    **Plaintiffs' Interrogatory No. 8** asked Newcomb to "[d]escribe the requirements for granting an accommodation for a disability."

Newcomb answered stating, **"Objection, this is an improper Interrogatory, because it seeks a lengthy narrative response for non-specific information, and is more appropriate for a deposition.**

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 8 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950).

77.    **Plaintiffs' Interrogatory No. 9** asked Newcomb, "How many requests have been made by City employees for an accommodation in the last 5 years, and for each state the outcome of each request, including the name of the employee and the nature of the accommodation request."

Newcomb answered stating, **"Objection, the handling of 'requests for accommodation' of other City employees is improper, and seeks information irrelevant to the duties of sworn police officer such as Plaintiff Brooks. Plaintiff Brooks was the only one who made an initial request for an accommodation, and then disavowed his request for an accommodation after the same was made. The City of Pekin will not respond regarding City of Pekin employees who are not sworn police**

36

officers, as the duties and job obligations have no similarity, and therefore no relevance."

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 9. Newcomb's handling of accommodation requests are relevant and material to establish evidence of violations of the ADA, regardless of whether the employee was a police officer.

78.   **Plaintiffs' Interrogatory No. 10** asked Newcomb to "[s]tate in detail the procedure for investigating a complaint made to Human Resources by a City employee from January 1, 2016 to the present."

Newcomb answered stating, **"Objection, this Interrogatory calls for a factually specific situation to be provided, before it can be answered.  In the context of Plaintiffs, this is the appropriate subject for deposition testimony."**

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 10 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950).

79.   **Plaintiffs' Interrogatory No. 14** asked Newcomb, "Has the City ever suspended without pay or placed a salaried employee on unpaid leave, if so, when and why?"

Newcomb answered stating, **"Objection, relevance as to non-police officers with the City of Pekin.  Objection, as this Interrogatory is unlimited in time and scope. Newcomb will respond in a narrowed Interrogatory that pertains to sworn Pekin Police Officers in the time period between October 2015 and February 2018."**

37

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 14 because Defendant's objection is not valid. Defendant's knowledge of the FLSA's requirements for salaried employees is relevant and material as to her actions regarding Brooks' suspension. The FLSA does not distinguish between salaried police officers and other employees. Further, Plaintiffs' complaint alleges misconduct regarding Brooks' suspension, and Plaintiffs are entitled to request evidence of Newcomb's suspensions of other employees regardless of when they occurred. Defendant's temporal limitation would only be valid if Defendant was empowered to discipline employees beginning October 2015. Defendant has failed to provide the limited answer she agreed to on February 18, 2020.

80.   **Plaintiffs' Interrogatory No. 16** asked Newcomb, "What claimed undue hardship would the City endure that required the denial of Brooks' accommodation request?"

Newcomb answered stating, **"Brooks disavowed his specific request for an accommodation during an accommodation meeting.  Without waiving any other objections, to the extent Plaintiff asserted there was an ongoing need for an accommodation request, despite Brooks' statements to the contrary, this Interrogatory is the appropriate subject for a deposition."**

Newcomb should be compelled to answer Plaintiffs' Interrogatory No. 16 because Defendant's objection is not valid. The scope of examination by interrogatories is just as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (W.D. MO. 1950).

38

WHEREFORE, based on the foregoing, Plaintiffs, John Brooks and Gregory Simmons, request that the Court enter an order compelling Defendants to comply with discovery and to pay the Plaintiffs' reasonable attorneys' fees pursuant to FRCP 37 and grant such other relief that is appropriate.

John Brooks and Gregory Simmons,
Plaintiffs

By: _____*/s/ Julie L. Galassi*_____
One of their attorneys

Julie L. Galassi, Esq. (ARDC #06198035)
Hasselberg, Rock, Bell & Kuppler LLP
4600 N. Brandywine Drive, Suite 200
Peoria, IL 61614-5591
Ph:  (309) 688-9400
Fax:  (309) 688-9430
Email:  jgalassi@hrbklaw.com
            aswearingen@hrbklaw.com

James L. Hafele, Esq.
Kavanagh, Scully, Sudow, White
& Frederick, P.C.
301 S.W. Adams, Suite 700
Peoria, IL 61602
Ph:     (309) 676-1381
Fax:    (309) 676-0324
Email: jameshafele@ksswf.com

## CERTIFICATE OF SERVICE

I certify that on January 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Philip M. O'Donnell
Kingery, Durree, Wakeman & O'Donnell, Assoc.
416 Main Street, Suite 1600
Peoria, IL 61602
Email: pmodonnell@kdwolaw.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

JOHN BROOKS AND GREGORY SIMMONS,
Plaintiffs,

    /s/    Julie L. Galassi
JULIE L. GALASSI, Esq., Bar No. 6198035
HASSELBERG, ROCK, BELL & KUPPLER, LLP
Suite 200 Associated Bank Building
4600 N. Brandywine Drive
Peoria, IL 61614-5591
Telephone: (309) 688-9400
Facsimile: (309) 688-9430
E-mail: jgalassi@hrbklaw.com