IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN BROOKS and GREGORY SIMMONS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 18-cv-1334 |
| vs. | ) |
| | ) **Jury Trial Demanded** |
| CITY OF PEKIN, JOHN DOSSEY, DONALD BAXTER, SARAH NEWCOMB, and JENNIFER MELTON, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS PURSUANT TO FED. R. CIV. PRO. 45

To: Philip M. O'Donnell, Kingery, Durree, Wakeman & O'Donnell, 416 Main Street, Suite 1600, Peoria, Illinois 61602

On February 11, 2021, JOHN BROOKS AND GREGORY SIMMONS, by and through their attorneys, JULIE L. GALASSI, and HASSELBERG, ROCK, BELL & KUPPLER, LLP, served a copy of the attached Subpoena to Produce Documents, Electronically Stored Information, or Tangible Things Pursuant to Fed. R. Civ. Pro. 45.

JOHN BROOKS AND GREGORY SIMMONS,
Plaintiffs

By: /s/ *Julie L. Galassi*
JULIE L. GALASSI, ESQ. (NO. 6198035)
HASSELBERG, ROCK, BELL & KUPPLER, LLP
Suite 200 Associated Bank Building
4600 N. Brandywine Drive
Peoria, Illinois 61614
Telephone: (309) 688-9400
Facsimile: (309) 688-9430
Email: jgalassi@hrbklaw.com
aswearingen@hrbklaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record, including the following:

Phillip M. O'Donnell
Kingery, Durree, Wakeman & O'Donnell
416 Main Street, Suite 1600
Peoria, Illinois 61602

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

                                          JOHN BROOKS AND GREGORY SIMMONS,
                                          Plaintiffs

                                          By: /s/ *Julie L. Galassi*
                                          JULIE L. GALASSI, ESQ. (NO. 6198035)
                                          HASSELBERG, ROCK, BELL & KUPPLER, LLP
                                          Suite 200 Associated Bank Building
                                          4600 N. Brandywine Drive
                                          Peoria, Illinois 61614
                                          Telephone: (309) 688-9400
                                          Facsimile: (309) 688-9430
                                          Email:     jgalassi@hrbklaw.com
                                                                     aswearingen@hrbklaw.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | |
|---|---|
| John Brooks and Gregory Simmons<br>*Plaintiff*<br>v.<br>City of Pekin, John Dossey, Donald Baxter, Sarah Newcomb, and Jennifer Melton<br>*Defendant* | )<br>)<br>) Civil Action No. 18-cv-1334<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Invisible Institute

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
Please see attached Exhibit A.

| Place: Hasselberg, Rock, Bell & Kuppler, LLP<br>4600 N. Brandywine Drive, Suite 200<br>Peoria, Illinois 61614 | Date and Time:<br>02/25/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/11/2021

CLERK OF COURT

_____     OR     *Julie Galassi*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John Brooks and Gregory Simmons , who issues or requests this subpoena, are:
Julie L. Galassi, 4600 N. Brandywine Dr., Suite 200, Peoria, IL 61554; jgalassi@hrbklaw.com; (309) 688-9400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 18-cv-1334

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: Invisible Institute, Experimental Station, 6100 South Blackstone Ave., Chicago, IL 60637 by certified mail return receipt requested

on *(date)* 02/11/2021 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 20.00 .

My fees are $ 0.00 for travel and $ 20.00 for services, for a total of $ 20.00 .

I declare under penalty of perjury that this information is true.

Date: 02/11/2021

*Server's signature* (signed) Julie Galassi

Julie L. Galassi, Attorney at Law
*Printed name and title*
Hasselberg, Rock, Bell & Kuppler, LLP
4600 N. Brandywine Drive, Suite 200
Peoria, Illinois 61614

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

1. Any and all documents received following Invisible Institute's FOIA request to the City of Pekin dated June 29, 2020, including but not limited to disclosures made and/or dated July 7, 2020, July 31, 2020 and September 14, 2020.

2. A copy of all communications to and from any employees, officers or agents of the City of Pekin.